UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DIVA MATAMOROS, | 1:09-cv-00217-AWI-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ENTIRE ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER(S)** |
| vs. | |
| WACHOVIA, | (Doc. 11) |
| Defendant. | |

Plaintiff is proceeding pro se with this civil action seeking damages for alleged civil rights violations for fraud or truth-in-lending. This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Procedural History

On February 3, 2009, pro se plaintiff filed a complaint (Doc. 1) (presumably by, through, and/or with the assistance of her best friend, Mayra Rodriguez, a realtor in Antioch (Doc. 5)). The initial scheduling conference was set for May 6, 2009 (Doc. 4), for which pro se, Spanish-speaking plaintiff appeared with her English-speaking friend, Martha Bouyer, who resides in the Bay Area/Brisbane, and who traveled to Fresno to accompany pro se

plaintiff to court. After twenty minutes of dialogue with pro se plaintiff, by and through her friend, in open court, the scheduling conference was continued to August 10, 2009 at 9:30 a.m., for pro se plaintiff to attempt to obtain legal counsel (Doc. 10). On August 10, 2009, pro se plaintiff did not appear or otherwise contact the Court. Therefore, an order to show cause was issued, served on pro se plaintiff, and set for hearing on October 28, 2009 at 10:00am, for which pro se plaintiff was ordered to personally appear (Doc. 11). On October 28, 2009, pro se plaintiff failed to appear or otherwise contact the court. Last but not least, a review of the instant action and docket reveals that no action has been taken by pro se plaintiff since early May 2009.

## II.  Dismissal for Failure to Prosecute the Action

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a Court's

warning to a party that failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order requiring pro se plaintiff to appear and show cause warned of dismissal as the consequence for the continued failure to prosecute.  Thus, pro se plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

Accordingly, the Court hereby **RECOMMENDS** that this action be **DISMISSED** based on pro se plaintiff's failure to prosecute the action and to obey the Court's orders to appear and show cause, and that the Clerk of Court be **DIRECTED** to enter judgment for defendant as the dismissal would terminate the action in its entirety.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendation, pro se plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Pro se plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 28, 2009**               /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

4